IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALVIN STEVEN BROWN, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-CV-046-N (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions, and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. §2254. For the following reasons, the Court recommends that the petition be dismissed.

Petitioner challenges his conviction for injury to a child. *State of Texas v. Alvin Steve Brown*, No. F-0900704-J (3rd Jud. Dist. Ct., Dallas County, Tex., June 22, 2009). He was sentenced to ten years in prison. He did not file an appeal.

On October 24, 2013, Petitioner filed a state habeas petition. *Ex parte Brown*, No. 80,862-02. On October 1, 2014, the Texas Court of Criminal Appeals

denied the petition without written order on the findings of the trial court without a hearing. On November 15, 2013, Petitioner filed a supplemental habeas petition. *Ex parte Brown*, No. 80,862-01. On March 5, 2014, the Texas Court of Criminal Appeals denied the petition.

On January 2, 2017, Petitioner filed his §2254 petition. He argues:

1. His due process rights were violated when the indictment did not provide proper notice of the charge;
2. He received ineffective assistance of counsel that rendered his guilty plea invalid; and
3. The indictment lacked probable cause.

## II.

### A. Statute of Limitations

Petitioner filed his §2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner was sentenced on June 22, 2009. He did not file an appeal. His conviction therefore became final thirty days later on July 22, 2009. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until July 22, 2010, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

The filing of a state petition for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed his first state habeas petition on October 24, 2013. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner's deadline for filing his § 2254 petition was July 22, 2010. He did not file his petition until January 2, 2017. His petition is therefore untimely.

## B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because: (1) his conviction did not become final; (2) there is no evidence that he waived his

4

appeal or that his appeal rights were explained to him; (3) he received ineffective assistance of counsel; and (4) the judgment is void.

Petitioner's claims for equitable tolling are without merit. As discussed above, Petitioner's conviction became final when his time to appeal expired. *See* Tex. R. App. P. 26.2. Further, a claim of ineffective assistance of counsel does not support equitable tolling where a petitioner fails to show that the alleged deficient performance prevented him from timely filing his habeas petition. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (stating ineffective assistance on direct appeal in state court is not relevant to the tolling decision, given that counsel's alleged deficiencies occurred before the date on which petitioner's conviction became final); *cf. Vineyard v. Dretke,* 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling is warranted when an attorney affirmatively misinforms his client and causes him to miss the limitations period). Petitioner has not alleged that he was misled about his habeas remedies or prevented in some extraordinary way from filing his petition. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

April 3, 2018.  _____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).